UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL LORUSSO,**

    **Petitioner,**

v.                                     Case No: 5:25-cv-455-WFJ-PRL

**WARDEN, NORTH FLORIDA
EVALUATION AND
TREATMENT CENTER,**

    **Respondent.**

_____

## ORDER

This cause comes before the Court on Petitioner's Motion for Reconsideration. (Doc. 8). For the reasons set forth below, the Motion will be denied.

By Order dated August 22, 2025, Petitioner's Motion for Appointment of Counsel, Doc. 4, was denied. (Doc. 5). Subsequently, by Order dated August 27, 2025, the case was dismissed due to Petitioner's failure to pay the filing fee or file a request to proceed as a pauper. (Doc. 6). Petitioner now seeks reconsideration of the denial of counsel due to his status of being held in a state mental health hospital. (Doc. 8).

District courts are afforded considerable discretion to reconsider prior decisions. *See Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (discussing reconsideration under Rule 59(e) and Rule 60(b)). Courts in this District recognize "three grounds justifying reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *McGuire v. Ryland Grp., Inc.*, 497 F. Supp. 2d

1356, 1358 (M.D. Fla. 2007) (quotation omitted); *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 6:06-cv-1639-Orl-31KRS, 2007 WL 2096975, at *1 (M.D. Fla. July 20, 2007).

"Reconsideration of a previous order is an extraordinary measure and should be applied sparingly." *Scelta v. Delicatessen Support Servs., Inc.*, 89 F. Supp. 2d 1311, 1320 (M.D. Fla. 2000). "[M]otions for reconsideration should not be used to raise arguments which could, and should, have been previously made." *Id.* (quotation omitted). Stated differently, "[a] party who fails to present its strongest case in the first instance generally has no right to raise new theories or arguments in a motion for reconsideration." *McGuire*, 497 F. Supp. 2d at 1358 (quotation omitted). To permit otherwise would "essentially afford[] a litigant two bites at the apple." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985) (quotation omitted).

In his motion, Petitioner notes that he was appointed counsel in a separate pending § 2254 case as why he should have had one appointed in this case. (Doc. 8). He further presents complaints about unrelated cases. *Id.* at 1–2. Petitioner has not raised any arguments warranting reconsideration of the order denying him counsel. This case was dismissed and is closed.

Accordingly, Petitioner's Motion (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on September 26, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**  Pro Se Party